Michael Rocks-Macqueen
2655 Ulmerton Rd
Apt 286
Clearwater, FL 33762
echoisforgood@gmail.com
(727) 534-1179

## UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### TAMPA DIVISION

*SEP 18 2025 AM10:46*
*FILED - USDC - FLMD - TPA*

Michael Rocks-Macqueen,
Plaintiff,

v.

PARAMOUNT GLOBAL,
DOING BUSINESS AS CBS STUDIOS INC.,

FOX CORPORATION, DOING BUSINESS AS
FOX NEWS,

PALANTIR TEHCNOLOGIES, INC.,
Defendants.

Case No. 8 : 25-cv-02513-SDM-NHA

**CIVIL COMPLAINT UNAUTHORIZED BROADCASTING AND SIMULATION OF
A NON-CONSENTING AMERICAN CITIZEN**

## I. INTRODUCTION

Plaintiff Michael Rocks-Macqueen brings this civil action for damages and

equitable relief arising from grave and ongoing constitutional and civil rights

violations. Without Plaintiff's knowledge or consent, deeply private aspects of his

life, including personal thoughts, statements, locations, mental health reflections,

and interpersonal experiences, have been systematically surveilled, recorded,


TPA - 72964
$ 405.00

and disseminated across national media platforms, including those operated by **CBS** and **Fox News**.

These actions, allegedly conducted with the technological support of **Palantir Technologies Inc.,** resulted in the unauthorized simulation, exploitation, and nationwide broadcast of Plaintiff's life to an unsuspecting audience. This unwarranted surveillance and media dissemination have caused **severe psychological harm, reputational damage**, and **continuing violations of constitutional rights** secured by the **First, Fourth, and Fourteenth Amendments** to the United States Constitution.

Due to the demonstrated pattern of judicial assignment resulting in eight consecutive Democratic appointees, Plaintiff respectfully reserves objection to further assignments that violate the appearance of impartiality and requests the assignment of a constitutionally balanced bench."

Venue is sought in this District to restore both judicial neutrality and geographic objectivity following well-documented procedural interference in the District of Arizona.

Plaintiff asserts he is now a permanent resident of the State of Florida, with a long-documented plan to establish an international aviation company based in the region.

## II. JURISDICTION AND VENUE

This Court has subject-matter jurisdiction pursuant to:

28 U.S.C. § 1331 (federal question),

- 28 U.S.C. § 1343 (civil rights violations), and

- 28 U.S.C. § 1367 (supplemental jurisdiction).

Venue is proper in this District under **28 U.S.C. § 1391(b)** because a substantial portion of the acts and omissions giving rise to this action occurred within this District. Defendants **Paramount Global (CBS Studios Inc.)** and **Fox Corporation (Fox News)** broadcast content nationwide, including directly into this District.

Additionally, **Palantir Technologies Inc.** maintains offices and conducts business operations within this District, further supporting proper venue. Palantir also operates globally.

Plaintiff notes that Defendants have made recent changes to corporate or service addresses following the filing of related complaints. Plaintiff respectfully requests

that the Court take judicial notice of each Defendant's business operations and established presence within this District as of the filing date, and that any attempts to retroactively alter venue or evade service through address changes be deemed improper under **Rule 11** and applicable venue provisions.

Such reactive address changes appear designed to frustrate venue, forum, or service rules, and warrant strict scrutiny under Rule 11 and Rule 4 provisions

## III. PARTIES

### Plaintiff

1. Plaintiff **Michael Rocks-Macqueen** is a private citizen and legal resident of the United States. He has been subjected to non-consensual surveillance, unauthorized broadcast of private content, and psychological abuse carried out by the named Defendants and their affiliates.

### Defendants

2. **Paramount Global**, doing business as **CBS**, is a multinational mass media and entertainment conglomerate headquartered in New York, New York. It operates and broadcasts nationwide, including within this District.

3. **Palantir Technologies Inc.** is a data analytics and surveillance contractor with longstanding ties to government agencies, including intelligence and defense sectors. Its platforms and services enabled or directly contributed to unauthorized data aggregation and behavioral targeting, which facilitated the constitutional violations and psychological harm described in this Complaint.

4. **Fox Corporation**, doing business as **Fox News**, is a national media company that knowingly participated in the unauthorized dissemination and narrative construction of Plaintiff's private life. Its affiliated broadcast platforms contributed to the reputational, psychological, and constitutional harm alleged herein.

## IV. RIGHT TO AMEND UNDER RULE 15

Plaintiff includes **Fox Corporation** (doing business as **Fox News**) in this action based on its knowing and repeated dissemination of unauthorized content derived from private surveillance, as well as its active participation in the narrative construction of a televised, psychologically abusive portrayal of Plaintiff's private life. This conduct caused severe reputational, emotional, and constitutional harm. While Fox did not originate the content, its national

platform materially contributed to the abuse by broadcasting, reinforcing, and profiting from the narrative at issue.

However, Plaintiff acknowledges that Fox Corporation retains a path to **mitigate liability**. Specifically, if Fox chooses to **air coverage exposing the eight Democratic-appointed judges** involved in the related federal court proceedings, thereby promoting transparency and serving the public interest, Plaintiff reserves the right to amend or reduce certain claims under Rule 15 of the Federal Rules of Civil Procedure.

This conditional opportunity reflects Plaintiff's consistent interest in **accountability over censorship**, and serves to distinguish **willful participation in abuse** from acts of responsible journalism.

This right to amend includes the ability to narrow, withdraw, or restyle claims as further facts develop or as Defendant's conduct evolves post-filing.

## V. STATEMENT OF FACTS

### 1. Whistleblower Testimony

Plaintiff has received corroborating statements from multiple whistleblowers with direct or indirect knowledge of Palantir's data-sharing practices with media entities.

These statements confirm the unauthorized gathering, manipulation, and dissemination of Plaintiff's personal data.

One whistleblower, referencing access to Plaintiff's private information, stated:

> *"How does CBS and FOX get the information? It's because of Palantir."*

Such actions amount to **non-consensual surveillance**, **stalking**, **psychological targeting**, and the **unauthorized broadcasting** of Plaintiff's life for commercial and political purposes, all carried out **without due process, transparency, or recourse**.

These accounts provide a factual foundation for Plaintiff's claim that the surveillance and subsequent broadcast of private content were neither accidental nor isolated, but rather part of a coordinated, intentional campaign of unauthorized monitoring and public

dissemination, executed **without consent, oversight, or legal remedy**.

Plaintiff anticipates that formal discovery will yield further documentation substantiating these accounts, including internal communications, data access logs, and media coordination records reflecting the scope and intentionality of this abuse.

## 2. Legal Notice and Demand Letters

On July 7–21, 2025, Plaintiff issued formal legal notices to Defendants: Paramount/CBS Legal, Fox Corporation, and Palantir Technologies,  advising them of the pending litigation and their obligations to preserve all relevant evidence. This includes, but is not limited to:

- Internal communications
- Video/audio recordings
- Surveillance logs
- Electronic logs (email, keycard, phone, server metadata)
- Any documents related to the alleged conduct

These notices were sent via certified mail with return receipt requested and are attached as **Exhibits A–C.**

On August 21, 2025, Plaintiff issued a second round of formal legal notices to the same Defendants, again demanding the preservation of all evidence and communications tied to this matter. These notices also included:

- Surveillance logs

- Communications with third parties

- Video/audio evidence

- Metadata from key systems and communications

These were likewise sent via certified mail with return receipt requested and are attached as **Exhibit D**.

Defendants are hereby on continued notice that failure to preserve the requested evidence may result in motions for sanctions, including adverse inference instructions, under Federal Rule of Civil Procedure 37(e).

## VI. CAUSES OF ACTION

### Count 1: Violation of the First and Fourth Amendments (Bivens / Constitutional Torts)

Defendants acted under color of federal authority, or in concert with federal agents, to violate Plaintiff's constitutional rights. This satisfies the threshold for liability under Bivens v. Six Unknown Named Agents, 403 U.S. 388 (1971).

Defendants: CBS, FOX, and Palantir Technologies participated in the unconstitutional surveillance, acquisition, and dissemination of Plaintiff's private communications and personal data, including video/audio recordings and metadata. This information was obtained without consent, warrant, or legal justification, and was subsequently distributed to mass audiences through televised broadcasts.

These actions violated Plaintiff's rights under the:

- First Amendment (free speech, freedom from compelled exposure, right to petition)

- Fourth Amendment (freedom from unlawful search and seizure)

- Fifth Amendment (due process)

Plaintiff was **never informed, charged, or granted notice or remedy.** The surveillance lacked judicial oversight or lawful authority. The **broadcasting of this unlawfully obtained material** amplified the injury and escalated the constitutional harm.

Relief is sought under Bivens, and all related constitutional tort precedents.

**Count 2: Intentional Infliction of Emotional Distress**

CBS and FOX willfully aired highly sensitive, deeply personal information regarding Plaintiff's mental health, psychological struggles, and statements regarding suicide. This information was originally obtained through Palantir's unlawful dissemination of Plaintiff's private data and was broadcast to mass audiences under the guise of entertainment.

Defendants' conduct was intentional, reckless, extreme, and outrageous. It meets and exceeds the threshold for IIED under both Florida common law and federal tort principles. No reasonable person would consider the public display of an individual's suicidal state as entertainment.

As a direct result, Plaintiff experienced severe and prolonged emotional distress, including:

- Mental anguish

- Reputational harm

- Social withdrawal and isolation

- Increased anxiety and suicidal ideation

Plaintiff continues to suffer long-term psychological harm due to Defendants' intentional, humiliating and exploitative actions.

### COUNT 3: Stalking, Witness Intimidation, Coercion, and Long-Term Abuse

Plaintiff has documented numerous incidents of targeted surveillance, coercion, stalking, and retaliation intended to suppress constitutionally protected speech and deter Plaintiff's legal filings and appeals.

These actions form a coordinated and sustained pattern of conduct by individuals and entities acting in concert to intimidate, harass, isolate, and psychologically destabilize Plaintiff. These efforts violate both state and federal laws, including those that:

- Protect litigants from retaliation and coercion,

- Safeguard parties and witnesses from intimidation and obstruction of justice, and

- Prohibit coordinated conspiracies to suppress access to the courts.

Specifically, while en route to and from the District of Arizona Courthouse to file case CV-25-03049-PHX-JJT against Supreme Court Clerk Scott S. Harris (Rocks-Macqueen v. Harris), Plaintiff experienced multiple coordinated acts of intimidation. These incidents occurred in the context of Plaintiff's pending civil appeal, Rocks-Macqueen v. Central Intelligence Agency, Ninth Circuit Case No.

5056. This specific action occurred when the plaintiff decided to wear a satiracle shirt noting Palantir, he was exercising his First amendment rights.

Such actions fall squarely within the scope of 42 U.S.C. § 1985(2), which prohibits conspiracies to deter parties and witnesses from attending court or testifying freely. These acts also constitute procedural warfare designed to obstruct justice and unlawfully influence legal outcomes.

This conduct directly violates and undermines Plaintiff's rights under the First Amendment, including the rights to:

- Access the courts
- Speak freely without fear of retaliation
- Seek redress for grievances in a fair and impartial forum

These fundamental rights are further reinforced by the U.S. Supreme Court's ruling in *Bivens v. Six Unknown Named Agents*, 403 U.S. 388 (1971), which provides a cause of action for damages against federal actors who violate constitutional rights.

Taken together, Defendants' actions form a chilling and unlawful campaign of psychological manipulation, procedural obstruction, and personal coercion. The pattern of harassment is ongoing, and Plaintiff continues to experience:

- Mental anguish and emotional instability

- Impaired access to the judicial system

- Heightened surveillance and fear of reprisal

- Prolonged damage to safety, wellbeing, and liberty

### Count 4: Intentional Environmental Tampering and Negligent Endangerment (Lead and Water Spoilation – Florida)

Plaintiff was present in the State of Florida during a critical period of federal legal activity. While in Florida, Plaintiff experienced:

**Direct symptoms and lab-confirmed results of lead poisoning**, which are now attached as **Exhibit E;**

- Unlawful contamination and mass tampering of public and private **water sources**, including but not limited to **Miami International Airport on May 16th, 2025**, a federally regulated site with heightened surveillance and water quality standards;

- **Coordinated obstruction in hydration access**, clearly designed to **weaken Plaintiff's cognitive and physical ability** to participate in protected legal action;

- **A documented pattern of medical denial**, lack of water source transparency, and spoilation of potentially exculpatory water samples (including destruction, replacement, or alteration of samples prior to testing);

- Harm occurring specifically during periods when Plaintiff was preparing constitutional and civil litigation against U.S. entities and major media networks;

- Psychological warfare tactics tantamount to modern slavery and domestic COINTELPRO-style targeting, now supported by multiple cross-jurisdictional exhibits.

## VII. JUDICIAL DEFERENCE

Should this Honorable Court elect not to adjudicate the full constitutional merits of this matter at this stage, Plaintiff respectfully requests that discovery be granted for all communications, recordings, data logs, metadata, and any references to "Michael Rocks-Macqueen" held by Defendants or affiliated parties. This includes all broadcasted videos.

This request preserves judicial deference to related pending litigation while protecting the integrity of the public record. To do nothing would risk tacit

judicial complicity in potentially unconstitutional conduct carried out under the guise of entertainment, national security, or technological advancement.

Pending appeals and matters in higher courts involve allegations of fraud upon the court, obstruction, and witness tampering. These actions have created a substantial barrier to the Plaintiff's ability to obtain relief and answer the following constitutional question:

**Under 18 U.S.C. § 241**, it is a felony for two or more persons to conspire to injure, oppress, threaten, or intimidate any person in the free exercise of constitutional rights.

Plaintiff respectfully asks this Court:

**Have you, or any judicial officer involved, witnessed the Plaintiff's identity or private life broadcast publicly without his consent?**

If the answer is **yes**, then is it not the duty of this Court to uphold truth and justice by holding perpetrators accountable under law?

And if a judge may answer such a question truthfully yet still allow immunity for the abusers, what remains of the Constitution itself?

The answer to this question is required for dismissal. If no dismissal is warranted, then let the judicial process commence and compel the Defendants to defend their conduct on the merits.

## VIII. NON-PARTIZAN REQUEST FOR DEMOCRAT APPOINTED JUDGE DEFERENCE

Plaintiff respectfully notes, for the record, that over the past 24 months, eight judges, each affiliated with or appointed by the Democratic Party, have been assigned to preside over Plaintiff's matters across two separate jurisdictions: the District of Arizona and the District of New Mexico.

This persistent assignment pattern raises serious concerns regarding judicial impartiality, particularly in a case involving:

- State-sponsored media coordination,

- Viewpoint discrimination, and

- Retaliatory interference with constitutional rights.

Plaintiff affirms that he holds no political allegiance and maintains no party affiliation. However, in the interest of restoring public trust and avoiding even the appearance of partisan alignment, Plaintiff respectfully requests that:

This case be assigned to a Republican-appointed, independent, or non-affiliated federal judge, under this Court's inherent discretion; Alternatively, Plaintiff requests judicial reassignment to prevent continued procedural bias in docketing, delays, and rulings.

This request is grounded not in ideology, but in documented patterns of:

- Procedural delay,

- Retaliatory treatment, and

- Protective judicial behavior that appears to shield Defendants from scrutiny.

Furthermore, Plaintiff holds evidence, and has pending Supreme Court filings, where sworn testimony and attached exhibits will attest to targeting by former political heads of the Democratic National Committee (DNC) involving acts rising to the level of treason.

## IX. CEASE AND DESIST REQUEST

If the Court elects not to address the full constitutional magnitude of these violations at this stage, Plaintiff respectfully requests that, at a minimum, discovery be granted into:

- All logs, communications,

- Surveillance data, and

- Media materials referencing "Michael Rocks-Macqueen,"

maintained or distributed by CBS, its contractors, subsidiaries, and partner entities.

**Note:** Non-consensual broadcasting involving deeply personal material, especially that which induces or exploits suicide ideation, constitutes a violation so severe it may be likened to a psychological form of coercion or assault.

Such conduct, when monetized, becomes not only a constitutional violation, but a moral crisis, one demanding immediate judicial scrutiny and remedy.

## X. PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests that this Court:

1. **Issue a Temporary Restraining Order and Permanent Injunction**

against CBS and all affiliated entities, partners, or agents, prohibiting any further dissemination, use, or exploitation of Plaintiff's private life details, identity, medical history, or psychological content.

2. **Award Compensatory and Punitive Damages**

in an amount to be determined at trial, **with an initial baseline valuation of $8,000,000,000** (eight billion dollars), based on the scope of harm, broadcast reach, and the ongoing, willful nature of the alleged violations.

3. **Order the Preservation and Production of All Relevant Materials,**

including but not limited to:

- Audio/video recordings,

- Internal and external communications,

- Surveillance logs,

- Metadata and log files,

- References to Plaintiff (by name or alias),

whether held by CBS, its affiliates, third-party vendors, production teams, government agencies, or contracted intelligence partners.

4. **Authorize Service of Process at Each Defendant's Principal Place of Business,**

in addition to—or in lieu of—service upon registered agents, where prior misconduct, delay, evasion, or privacy concerns justify direct service to ensure fairness and prevent further obstruction.

*20*

5. **Grant Leave for Expedited Discovery**,

to prevent spoliation of key evidence and secure prompt judicial review.

## XI. DEMAND FOR JURY TRIAL

Plaintiff demands a trial by jury on all issues so triable

## XII. CERTIFICATE OF SERVICE

I, Michael Rocks-Macqueen, declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct to the best of my knowledge, information, and belief. I have served a true and correct copy of the following documents:

- CIVIL COMPLAINT UNAUTHORIZED BROADCASTING AND SIMULATION OF A NON-CONSENTING AMERICAN CITIZEN
- Exhibits A-E

The following parties were served via Fedex, at their known registered agent as permitted under Rule 4, per FEDEX'S Corporate policy of signature required.

Paramount Global DBA.
CBS Studios Inc.
c/o CSC - Lawyers Incorporating Service
2710 Gateway Oaks Drive, Suite 150N
Sacramento, CA 95833

Palantir Technologies Inc.
The Corporation Trust Company
 1209 Orange St, Wilmington, DE 19801

Fox Corporation
CT Corporation System
 330 N Brand Blvd
 Suite 700
Glendale, CA 91203

Clerk of Court
Middle District of Florida
Tampa Division
Sam N. Gibbons United States Courthouse
801 North Florida Avenue
Tampa, Florida 33602
**Hand-Delivered**

      Executed  on this 18th day of September, 2025,

in Clearwater, Florida

Respectfully submitted,

Michael Rocks-Macqueen
Plaintiff, *pro se*